IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ANTWAN SUTHERLIN, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:14cv368 (DJN) |
| ) | |
| LOWE'S HOME CENTERS, LLC, ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Antwan Sutherlin ("Plaintiff") brings this suit against Lowe's Home Centers, LLC ("Defendant"), alleging general negligence, strict products liability, negligent failure to warn and breach of express and implied warranties under Virginia law. Plaintiff asserts that while shopping in Defendant's store, he was exposed to a waterproofer that Defendant's employees helped to remove from Plaintiff's clothing. Thereafter, while driving home, the fumes overwhelmed Plaintiff, and he lost consciousness, resulting in a single car accident. Plaintiff seeks damages for personal injuries from that single car crash.

This matter comes now before the Court by consent pursuant to 28 U.S.C. § 636(c)(1) on Defendant's Motion to Dismiss (ECF No. 4) in which Defendant seeks to dismiss the express warranty and implied warranty of merchantability claims.[1] Defendant seeks to dismiss the express warranty claim on the grounds that Plaintiff never purchased the waterproofer or, in the alternative, that Plaintiff failed to allege an actual express warranty by Defendant. Similarly, Defendant seeks to dismiss the implied warranty of merchantability claim on the ground that

---

[1] Defendant also moved to dismiss the strict products liability claim (Count III). Plaintiff responded by seeking a voluntary dismissal on that Count, which the Court hereby grants. (Pl.'s Opp'n Br. to Def.'s Mot. to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 14) at 1-2.)

Plaintiff did not purchase the waterproofer; therefore, a cause of action does not exist under Virginia Code § 8.2-314. For the reasons set forth herein, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 4) and DISMISSES Count III, Count V and Count VI.

## I. BACKGROUND

When resolving a motion for judgment on the pleadings, the Court construes the allegations in favor of the non-moving party. Fed. R. Civ. P. 12(c); *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 591 (4th Cir. 2004) (citations omitted). Accordingly, the Court finds the facts as follows.

On April 23, 2012, Plaintiff visited Defendant's store in Richmond, Virginia. (Compl. (ECF No. 1-1) ¶ 3.) As Plaintiff examined a five-gallon container of waterproofer in the paint department, the container's lid came off and a portion of its contents spilled onto Plaintiff's person and clothing. (Compl. ¶ 3.) Defendant's employees assisted Plaintiff by using mineral spirits to remove the waterproofer from his clothes. (Compl. ¶ 4.) Plaintiff then left the store to drive home and change his clothes. (Compl. ¶ 5.) En route, Plaintiff lost consciousness, ran several stoplights and crashed his car — first into a construction barrier and then into a telephone pole. (Compl. ¶ 6.) First responders transported Plaintiff to the hospital where he was admitted and treated for hydrocarbon intoxication. (Compl. ¶ 7.) Plaintiff was discharged on April 25, 2012, but continues to suffer from short- and long-term memory loss, inability to focus and other neurological defects as a result of the accident. (Compl. ¶¶ 7-8.)

Plaintiff brought the instant action against Defendant in Richmond City Circuit Court, but Defendant timely removed the case to this Court. In Count III, Plaintiff alleges strict products liability. (Compl. ¶¶ 24-33.) In Count V, Plaintiff alleges a breach of an express warranty regarding the condition of the waterproofer container. (Compl. ¶¶ 40-45.) In Count VI, Plaintiff

alleges a breach of the implied warranty of merchantability regarding the waterproofer container's fitness for safe handling in Defendant's store. (Compl. ¶¶ 46-52.) Defendant moves to dismiss Counts III, V and VI under Rule 12(b)(6) for failure to state a claim. (Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss (ECF No. 5) ("Def.'s Mem.") at 1.)

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citations omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

### A. Applicable Law

Before discussing the merits of Defendant's motion, the Court must first determine which law to apply. A federal court sitting in diversity must apply the choice of law rules of the forum state — in this case, Virginia. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 624 (4th Cir. 1999). Under Virginia law, "the law of the state where the injury occurs supplies the substantive law governing warranty claims." *Farish for Farish v. Courion Indust.*, 754 F.2d 1111, 1118 (4th Cir. 1985) (citing *Bilancia v. Gen. Motors Corp.*, 538 F.2d 621 (4th Cir. 1976)). Therefore, Virginia law governs Plaintiff's warranty claims.

### B. Analysis

Plaintiff has brought a claim for breach of both an express warranty and an implied warranty. (Compl. ¶¶ 40-52.) Defendant argues that Plaintiff has failed to state a claim for breach of both warranties. (Def.'s Mem. at 3-4.)

Section 8.2-313 of the Virginia Code governs express warranties. Under § 8.2-313, a seller may create an express warranty through: "(a) [a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods . . . .; (b) [a]ny description . . . .; [or] (c) [a]ny sample or model" that is made part of the basis of the bargain between the seller and the buyer. Va. Code § 8.2-313. The existence of an express warranty does not depend on whether the seller used the words "warrant" or "guarantee," or whether the seller specifically intended to make an express warranty. *Id.* § 8.2-313(2). A seller's mere affirmation of the goods' value, opinion or commendation of the goods does not create a warranty. *Id.* "Express warranties are not presumed and will not be inferred from ambiguous, inconclusive, or general discussions. The

language employed must indicate a clear intention to enter into a contract of warranty when it is viewed in light of all the facts and circumstances surrounding the transaction." *Whitehorse Marine, Inc. v. Great Lakes Dredge & Dock Co.*, 751 F. Supp. 106, 108 (E.D. Va. 1990) (citing *Jacobs v. Warthen*, 115 Va. 571, 576, 584, 80 S.E. 113 (1913); *Reese v. Bates*, 94 Va. 321, 330, 26 S.E. 865 (1897) (additional citations omitted)). The Virginia Supreme Court recognizes that an express warranty claim that "merely parrot[s] the language of § 8.2-313, which sets forth several *legal* bases for the creation of express warranties, and amount[s] to no more than a legal conclusion" is insufficient where the claimant fails "to produce any contract or agreement or any express warranty forming the basis of the express warranty claim." *Hubbard v. Dresser*, 271 Va. 117, 123, 624 S.E.2d 1, 4 (2006) (citing *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 523, 579 S.E.2d 188, 190 (2003)).

Section 8.2-314 of the Virginia Code governs implied warranties of merchantability and provides that "[u]nless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Va. Code § 8.2-314(1). Under Virginia law, "[a]n implied warranty of merchantability or a warranty of fitness for a particular purpose is made only when a sale of goods occurs." *Moore v. Allied Chem. Corp.*, 480 F. Supp. 364, 375 (E.D. Va. 1979) (citing Va. Code §§ 8.2-314-315); *Mid-East Servs., Inc. v. Enter. Ford Tractor, Inc.*, 260 Va. 398, 404, 533 S.E.2d 618, 622 (2000) (citing with approval *Moore*, 480 F. Supp. at 375). An implied warranty "runs from the seller to the purchaser and then through the purchaser to the ultimate user." *Goodbar v. Whitehead Bros.*, 591 F. Supp. 552, 567 (W.D. Va. 1984). Though lack of privity is not a defense to a breach of warranty claim in Virginia, a plaintiff must be within the class of persons who "might reasonably be expected to use, consume, or be affected by the goods" to recover. Va. Code § 8.2-318.

"[Section] 8.2-318 does not create for the benefit of nonpurchasing users an independent warranty of merchantability but rather simply preserves for remote users the warranties already enjoyed by an immediate purchaser." *Buettner v. R.W. Martin & Sons, Inc.*, 47 F.3d 116, 118 (4th Cir. 1995).

Defendant argues that Plaintiff fails to allege a prima facie case for breach of express warranty in two distinct respects. (Def.'s Mem. at 3.) First, Defendant asserts that Plaintiff's claim must fail, because Plaintiff did not purchase the waterproofer. (Def.'s Mem. at 3.) An express warranty exists when an affirmation of fact, description of goods, or a sample or model is made part of the basis of the parties' bargain. (Def.'s Mem. at 3.) Without a bargain, there can be no warranty. (Def.'s Mem. at 3.) Second, Defendant argues that Plaintiff failed to allege any facts regarding the substance of an express warranty. (Def.'s Mem. at 3-4.) In response, Plaintiff asserts that his express warranty claim is not brought under Virginia Code § 8.2-313, but rather under Virginia common law. (Pl.'s Opp'n Br. to Def.'s Mot. to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 14) ("Pl.'s Br.") at 2.) Plaintiff cites to Comment 2 of § 8.2-313 for the proposition that "the warranty sections of [Article 2] are not designed in any way to disturb those lines of case law growth which have recognize [sic] that warranties need not be confined . . . to sales contracts." (Pl.'s Br. at 2 (citing Va. Code § 8.2-313, cmt. 2).) In support of his argument, Plaintiff references Comment 4, which states "the whole purpose of the law of warranty is to determine what it is that the seller has in essence agreed to sell." (Pl.'s Br. at 2 (citing Va. Code § 8.2-313, cmt. 4).)

The parties advance the same arguments with respect to Plaintiff's implied warranty of merchantability claim. Defendant asserts that, like his express warranty claim, Plaintiff's failure to purchase the waterproofer dooms the implied warranty of merchantability claim. (Def.'s

Mem. at 4.) In response, Plaintiff contends that "[t]he exact same arguments for an express warranty of merchantability apply to an implied warranty." (Pl.'s Br. at 2.) Relying on Comment 2 and dicta from a district court decision, Plaintiff declares that this Court "must consider whether [P]laintiff has made any allegations that are sufficient to state a common-law implied warranty under Virginia law prior to dismissing pursuant to [Rule 12(b)(6)]." (Pl.'s Br. at 3 (citing Va. Code § 8.2-313, cmt. 2; *Harris v. Aluminum Co. of America*, 550 F. Supp. 1024 (W.D. Va. 1982).) As the Virginia Supreme Court has noted, however, "[t]he requirement that *plaintiff* prove the essential elements of his case has also been recognized in warranty cases." *Logan v. Montgomery Ward & Co.*, 216 Va. 425, 430, 219 S.E.2d 685, 688 (1975) (quoting *Shramek v. Gen. Motors Co.*, 629 Ill. App. 2d 72, 80 (1966) (emphasis added)).

Plaintiff's reliance on Comments 2 and 4 is misplaced. In *Leake v. Meredith*, the Virginia Supreme Court considered the import of Comment 2 and rejected an attempt to construe it broadly, stating that "[e]ven this Comment does not suggest, however, that the Uniform Commercial Code is applicable to non-sales *transactions*." 221 Va. 14, 16, 267 S.E.2d 93, 95 (1980) (emphasis added). Indeed, Comment 2 itself confirms the existence of common law warranties in the case of bailments for hire and notes the development of case law in this area with regards to foreseeable third-party beneficiaries. Va. Code § 8.2-313, cmt. 2 (citing Va. Code § 8.2-318). Though Virginia law recognizes the limited existence of common law warranties outside of the sales context, this Court is unable to identify — and Plaintiff fails to provide citation to — any Virginia case confirming the right of an injured party to maintain an action for breach of a common law warranty absent *some* transaction to which he is a party or, at a minimum, a transacting party's successor in interest or a foreseeable third-party beneficiary. *See, e.g., Martin v. American Medical Systems, Inc.*, 116 F.3d 102, 104-05 (4th Cir. 1997)

7

(holding that patient injured by allegedly defective penile implant could sue product's manufacturer for breach of express warranty, notwithstanding manufacturer's limited warranty, because patient was intended ultimate user of implant); *Buettner*, 47 F.3d at 119 (recognizing that Virginia law permits consumers to sue food manufacturers, processers and retailers for breach of common law implied warranty of fitness for human consumption based on principle of end-user foreseeability); *Wal-Mart Stores, Inc. v. J.A. Fielden Co.*, 440 F. Supp. 2d 523, 528 (W.D. Va. 2006) (confirming existence under Virginia law of implied warranties in provision of construction services); *Harris*, 550 F. Supp. at 1026-28 (analogizing manufacture and sale of bottled soft drinks to food and holding that common law implied warranty of fitness extends to soft drink franchisor who caused allegedly defective product to enter stream of commerce, extensively promoted and advertised product, and controlled product's bottling specifications and requirements); *Gentry v. Ryder Truck Rental, Inc.*, 8 Va. Cir. 360 (Va. Cir. 1987) (holding that truck driver injured by alleged defect in a truck leased by his employer could sue truck's owner for breach of common law implied warranties).

Plaintiff contends that common law warranties provide a basis for his express and implied warranty claims, but offers no authority in support of his contention that the common law imposes liability on sellers in the absence of any transaction. Although Virginia law does recognize some common law warranties, this Court can find no authority indicating that in the absence of any transactional chain linking the parties, the mere existence of a product provides a sufficient basis for imposing warranty-based liability on one who has not yet sold it. In this case, Plaintiff fails to allege a transaction or other basis for imposing warranty liability under the common law; therefore, Plaintiff fails to state a claim for breach of common law warranty, express or implied.

## IV. CONCLUSION

For the reasons discussed herein, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 4) and DISMISSES Counts III, V and VI. An appropriate Order shall issue.

Let the Clerk file this Opinion electronically and notify all counsel of record.

It is so ORDERED.

                                                      /s/
                                    David J. Novak
                                    United States Magistrate Judge

Richmond, Virginia
Date: September 23, 2014