IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ANTWAN SUTHERLIN, )<br>Plaintiff, )<br> )<br>v. )<br> )<br>LOWE'S HOME CENTERS, LLC, )<br>Defendant. )<br>_____ ) | Civil No. 3:14cv368 (DJN) |

## MEMORANDUM OPINION

In this case, the Court must determine whether Defendant negligently caused Plaintiff's injuries by allowing an allegedly defective container of UGL Drylok Masonry Waterproofer ("waterproofer") to create a dangerous condition in its paint department and by failing to warn Plaintiff about the risk of spillage of the container's contents due to its alleged dangerously defective condition. This matter comes before the Court by consent pursuant to 28 U.S.C. § 636(c)(1) on Defendant's Motion for Summary Judgment (ECF No. 40). For the reasons that follow, the Court GRANTS Defendant's Motion (ECF No. 40).

### I. FACTUAL BACKGROUND

Antwan Sutherlin ("Plaintiff") brings this action against Lowe's Home Centers, LLC ("Defendant"), alleging negligence in relation to Plaintiff's alleged exposure to an oil-based waterproofer while in Defendant's store. (Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") (ECF No. 41) at 1.) The Court determines that the undisputed facts are as follows.[1]

---

[1] Pursuant to Local Rule 56(B), each brief in support of a motion for summary judgment must contain a section listing all undisputed material facts. E.D. Va. Loc. R. 56(B). Briefs in response to such motions must contain a section listing those facts "as to which it is contended that there exists a genuine issue necessary to be litigated." *Id.* Defendant's memorandum in

On April 23, 2012, Plaintiff went to Defendant's store at 1640 West Broad Street in Richmond, Virginia. (Am. Compl. (ECF No. 20-1) ¶ 2.)[2] While in the paint department that day, Plaintiff observed cans of waterproofer stacked inside of a metal bay. (Portions of Tr. of Dep. of Antwan Sutherlin ("Sutherlin Dep.") (ECF No. 41-1) 100:1-12, Oct. 3, 2014.) Plaintiff stated that he tipped the top can — a five-gallon can of waterproofer — forward, so that he could read the label on the back of the can. (Sutherlin Dep. 100:13-25, 101:6-14, 102:9-13.) A warning label on the can stated that the waterproofer must be used in a specific manner under specific circumstances and has the potential to cause damage to the brain or nervous system. (Pl.'s Resp. Br. to Def.'s Mot. for Summ. J. ("Pl.'s Resp.") (ECF No. 47) at 3.)[3] Plaintiff did not see anything wrong with the can before tipping it towards himself, and its lid "looked like it was on." (Sutherlin Dep. 101:23-25, 102:5-7.)

When Plaintiff tipped the can forward to read the back label, its contents spilled out onto him. (Def.'s Mem. at 1.) Plaintiff testified that "there was a hole somewhere in the top" of the can that he "couldn't see, where like something had maybe hit it." (Sutherlin Dep. 102:14-16.) After the incident, Plaintiff stated that he observed that some of the tabs on the container's lid "were either bent up or had been damaged," but he "couldn't see" this alleged damage before the spill. (Sutherlin Dep. 102:17-25.) Plaintiff acknowledged that he had "no idea" how the alleged cracks in the can's lid came to be, "no idea" when they occurred, "no idea" how long they had

---

support of its motion for summary judgment included such a section. (Def.'s Mem. at 1-2.) In responding to Defendant's motion, Plaintiff did not dispute such facts. Accordingly, the Court accepts Defendant's recitation of the facts as undisputed.

[2] Because Plaintiff did not provide his own separate recitation of facts as noted in Footnote 1, the Court refers to the Complaint in a few instances in this Memorandum Opinion.

[3] Although Plaintiff did not provide a listing of undisputed facts or dispute Defendant's version, Plaintiff did offer a few sporadic facts in his response.

been there and "no idea" who caused them. (Sutherlin Dep. 105:4-12.)

Two of Defendant's employees who were working in the paint department at the time of this incident, Louis Wilby and Arlene Salmons, were deposed in connection with this matter. (Def's Mem. at 2; Portions of Tr. of Dep. of Louis Wilby ("Wilby Dep.") (ECF No. 41-2); Portions of Tr. of Dep. of Arlene Salmons ("Salmons Dep.") (ECF No. 41-3).) Both testified that they had not previously witnessed a spill of a five-gallon container of waterproofer while working. (Def.'s Mem. at 2.)[4] Defendant's employees also testified that Defendant has safety protocols in place for dealing with spills of hazardous materials ("HAZMAT").[5]

After the spill, Plaintiff left the store. (Def.'s Mem. at 2.) While driving home, he was overcome by the fumes, passed out and was involved in a single-car accident. (Def.'s Mem. at 2.) Plaintiff alleges that he suffers from cognitive damage as a result of his exposure to the waterproofer and subsequent car accident. (Def.'s Mem. at 2.)

## II. PROCEDURAL HISTORY

Plaintiff filed this action in the City of Richmond Circuit Court alleging six counts: (I) Premises Liability — General Negligence; (II) Products Liability — General Negligence; (III) Strict Products Liability; (IV) Products Liability — Failure to Warn of Danger in Handling of Product; (V) Products Liability — Breach of Express Warranty; and (VI) Products Liability —

---

[4] Defendant made this assertion in its listing of undisputed facts, to which Plaintiff raised no objection. The Court notes, however, that the deposition testimony cited by Defendant does not support this statement as required under Rule 56(c). Fed. R. Civ. P. 56(c). Because Plaintiff did not object to the fact of Wilby's and Salmons's testimony on this point, it is deemed admitted in accordance with Local Rule 56. E.D. Va. Loc. R. 56(B).

[5] Plaintiff did not provide a citation to the Wilby and Salmons depositions in support of this claim as required under Rule 56(c). Fed. R. Civ. P. 56(c). Defendant does not object to the fact of Defendant's internal procedures, but states in its reply that it intended to object to any evidence of such procedures as inadmissible. (Def.'s Mem. in Rebuttal to Pl.'s Resp. Br. ("Def.'s Reply") (ECF No. 50) at 7.)

3

Breach of Implied Warranty of Merchantability. (Compl. (ECF No. 1-1) ¶¶ 10-52.) Defendant timely removed the case to this Court. (Defs.' Mem. at 2; Def.'s Notice of Removal (ECF No. 1).)

On May 23, 2014, Defendant moved this Court to dismiss Counts III, V and VI of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def.'s Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 4).) On September 23, 2014, this Court granted Defendant's motion and dismissed Counts III, V and VI for failure to state a claim upon which relief can be granted. (Order (ECF No. 16).) Following the Court's decision, Plaintiff filed an amended complaint re-alleging Counts I, II and IV on October 16, 2014. (Am. Compl. ¶¶ 10-29.)

On November 25, 2014, Defendant moved this Court to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction. (Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 38).) Defendant argued that because Plaintiff filed for bankruptcy during the pendency of this lawsuit and did not disclose the existence of this claim to the Bankruptcy Court or identify it as property of the bankruptcy estate, Plaintiff lacked standing to pursue his claim. (Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Mot. to Dismiss Mem.") (ECF No. 39) at 1-2.) Because Plaintiff's personal injury claim was property of the bankruptcy estate and the bankruptcy trustee had not abandoned the claim, Defendant argued that only the trustee had standing to pursue the claim. (Def.'s Mot. to Dismiss Mem. at 2-3.) Plaintiff responded that his failure to disclose his claim to the bankruptcy court was an error that he had since corrected and stated that the bankruptcy trustee intended to abandon the claim, thereby clearing the way for Plaintiff to proceed in this matter. (Pl.'s Resp. to Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 46) at 1-

2.) On December 10, 2014, the Court denied Defendant's motion to dismiss provided that not later than December 23, 2014, Plaintiff filed proof of the trustee's abandonment of the claim. (Order (ECF No. 49).) On December 23, 2014, Plaintiff filed a response to the Court's Order, attaching a letter from counsel for the bankruptcy trustee that indicated that the trustee had not abandoned the claim, but would authorize Plaintiff to continue to pursue his claim.

On the same day that Defendant filed its motion to dismiss for lack of subject matter jurisdiction, Defendant also moved for summary judgment on the grounds that Plaintiff failed to establish a *prima facie* case for any of his remaining claims. (Def.'s Mem. at 4-12.) On December 15, 2014, the Court issued an Order granting Defendant's motion for summary judgment in its entirety. (Order (ECF No. 51).) This memorandum opinion sets forth the reasons for the Court's grant of summary judgment for Defendant.

### III. STANDARD OF REVIEW

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry at the summary judgment stage analyzes "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). When reviewing a motion for summary judgment, the Court views the facts in the light most favorable to the non-moving party. *Id.* at 255. The Court cannot weigh the evidence; it must simply determine whether a genuine issue exists for trial. *Greater Balt. Ctr. For Pregnancy Concerns v. Baltimore*, 721 F.3d 264, 283 (4th Cir. 2013) (quoting *Liberty Lobby, Inc.*, 477 U.S. at 249).

Once the movant properly makes and supports a motion for summary judgment, the

burden shifts to the opposing party to show that a genuine dispute of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the standard requires "that there be no *genuine* issue of *material* fact." *Liberty Lobby, Inc.*, 477 U.S. at 247. A genuine issue of material fact arises only when the evidence, viewed in the light most favorable to the non-moving party, sufficiently allows a reasonable jury to return a verdict in that party's favor. *Id.* at 248. To defeat an otherwise properly-supported motion for summary judgment, the non-moving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence" or the appearance of some "metaphysical doubt" concerning a material fact. *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). The Court must enter summary judgment against a party that, "after adequate time for discovery and upon motion, . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

## IV. DISCUSSION

The parties do not dispute that Plaintiff spilled the waterproofer on himself while inside Defendant's store on the date in question. They do, however, dispute whether Plaintiff has established a *prima facie* case for negligence under either his premises liability claim or his products liability claims. Specifically, the parties disagree as to whether Plaintiff must establish

6

that Defendant had knowledge of the alleged dangerous condition to prevail on its premises liability claim, whether Virginia law recognizes Plaintiff's general negligence products liability claim and whether Defendant had a duty to warn Plaintiff of the alleged risk of spillage due to the waterproofer's alleged inherent dangerousness. The Court considers these issues in turn.

### A. Plaintiff Fails to Establish a *Prima Facie* Case for Premises Liability in Count I.

A court exercising diversity jurisdiction applies the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938).[6] In Virginia, to recover on a negligence claim, Plaintiff must establish: (1) that Defendants owed Plaintiff a duty, (2) that Defendants breached that duty, and (3) that this breach proximately caused Plaintiff to suffer damages. *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293, 585 S.E.2d 545, 548 (2003) (citing *Fox v. Custis*, 236 Va. 69, 73, 372 S.E.2d 373, 375 (1988); *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 780, 66 S.E.2d 441, 443 (1951)). Under well-established Virginia law, "store owners must maintain reasonably safe facilities for their invitees' visits." *Fultz v. Delhaize Amer., Inc.*, 278 Va. 84, 88, 677 S.E.2d 272, 274 (2009). Though a storeowner is not an insurer of an invitee's safety while on the premises, *id.* at 89, 677 S.E.2d at 274 (citing *Knight v. Moore*, 179 Va. 139, 145, 18 S.E.2d 266, 269 (1942)), the storeowner "owes an invitee the duty of using ordinary care to maintain its premises in a reasonably safe condition and to warn . . . of any hidden dangers." *Volpe v. City of Lexington*, 281 Va. 630, 636, 708 S.E.2d 824, 827 (2011) (quoting *Amoz v. NationsBank, N.A.*, 256 Va. 344, 346, 504 S.E.2d 365, 366 (1998)) (internal quotation marks omitted).

---

[6] The Court exercises diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because the parties are diverse and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Virginia, and Defendant is a citizen of North Carolina with its principal place of business in North Carolina. (Def.'s Notice of Removal ¶¶ 5-6.) Plaintiff seeks $25,000,000 in damages. (Am. Compl. ¶ 2.)

To fulfill this duty, "a storeowner must give notice or warning of an unsafe condition which is known to him and is unknown to the invitee." *Fultz*, 278 Va. at 89, 677 S.E.2d at 274 (quoting *Knight*, 179 Va. at 146, 18 S.E.2d at 269) (internal quotation marks omitted). Therefore, in addition to proving duty, breach and causation, the plaintiff in a premises liability case must also "prove the existence of an unsafe or dangerous condition on the premises." *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 451-52 (4th Cir. 2004) (citing *Kendrick v. Vaz, Inc.*, 244 Va. 380, 385, 421 S.E.2d 447, 450 (1992)). Finally, to hold a property owner liable for injuries caused by a dangerous condition, "it must be shown that the owner had knowledge of the alleged unsafe condition, or that it had existed for such a length of time as to make it the owner's duty in the exercise of ordinary care to have discovered it." *Cannon v. Clarke*, 209 Va. 708, 712, 167 S.E.2d 352, 355 (1969) (citing *Miracle Mart, Inc. v. Webb*, 205 Va. 449, 453, 137 S.E.2d 887, 890 (1964); *Culpepper v. Neff*, 204 Va. 800, 804, 134 S.E.2d 315, 318-19 (1964)).

1. Knowledge Is an Essential Element of a Premises Liability Claim Under Virginia Law.

The parties do not dispute that Defendant, a store owner, owed Plaintiff, an invitee, the duty of using ordinary care to maintain its premises in reasonably safe condition. *See Volpe*, 281 Va. at 636, 708 S.E.2d at 827 (a storeowner "owes an invitee the duty of using ordinary care to maintain its premises in a reasonably safe condition and to warn . . . of any hidden dangers"); (Def.'s Mem. in Rebuttal to Pl.'s Resp. Br. ("Def.'s Reply") (ECF No. 50) at 2.) Although the parties do not dispute that Defendant owed Plaintiff a duty, Plaintiff must nevertheless establish the remaining elements of his negligence claim to prevail. *See Colonial Stores Inc. v. Pulley*, 203 Va. 535, 537, 125 S.E.2d 188, 189 (1962) ("The burden of proving the defendant's negligence was on the plaintiff."). The parties disagree as to the nature of these elements, specifically, whether Plaintiff must establish Defendant's knowledge to succeed on his claim.

8

(Def.'s Mem. at 4; Pl.'s Resp. at 2; Def.'s Reply at 3-4.) Defendant argues that Plaintiff's claim must fail, because Plaintiff presented no evidence of Defendant's actual or constructive knowledge of the allegedly damaged waterproofer container. (Def.'s Mem. at 4.) Plaintiff responds that "[k]nowledge or notice of an unsafe condition on the premises is not required" to establish Defendant's negligence, because this is not a slip and fall case. (Pl.'s Resp. at 2.) Therefore, Plaintiff asserts, the jury must determine whether "Defendant use[d] ordinary care in inspecting its premises and products for sale to ensure they were in a reasonably safe condition to be handled by their invitees." (Pl.'s Resp. at 2.) Because failure to establish an essential element of his *prima facie* case would doom Plaintiff's premises liability claim, the Court need only consider whether Plaintiff was required to establish Defendant's knowledge to prevail, and, if so, whether Plaintiff presented sufficient proof to survive summary judgment. *See Celotex Corp.*, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")

Contrary to Plaintiff's unsupported contention that knowledge is not required because Plaintiff did not slip and fall, the elements of a negligence premises liability claim do not vary based on the mechanism of the alleged injury. The rules applicable to premises liability are well-established. *See Grim v. Rahe, Inc.*, 246 Va. 239, 242, 434 S.E.2d 888, 889 (1993) (citing *Roll 'R' Way Rinks, Inc. v. Smith*, 218 Va. 321, 327, 237 S.E.2d 157, 161 (1977)) ("In premises liability cases, the plaintiff must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a *prima facie* case of negligence."). Whether the alleged injury involves a slip and fall in a grocery store or a mirror falling off of a retailer's shelf, a plaintiff must establish a defendant's actual or constructive knowledge of the dangerous condition to prevail. *See, e.g., Hodge*, 360 F.3d at 453 (requiring

9

that plaintiff injured by falling mirror prove defendant's knowledge); *Colonial Stores Inc.*, 203 Va. at 537, 125 S.E.2d at 190 (requiring that plaintiff prove defendant's knowledge in grocery store slip-and-fall). Mindful that Plaintiff bears the burden of establishing Defendant's actual or constructive notice of the allegedly dangerous condition, the Court must determine whether he has adduced sufficient evidence to survive summary judgment.

> 2. Plaintiff Fails to Establish That Defendant Had Knowledge of the Alleged Dangerous Condition.

Assuming, *arguendo*, that Plaintiff produced sufficient evidence to raise a jury question on the other elements of his claim, summary judgment would nevertheless be appropriate, because Plaintiff failed to produce any evidence that Defendant had actual or constructive notice of the allegedly dangerous condition of the waterproofer container. Indeed, Plaintiff does not contend that Defendant had actual notice of the alleged danger, and has not produced any evidence to suggest otherwise.[7] Thus, the Court must consider whether there is sufficient evidence to find that Defendant had constructive knowledge of the allegedly dangerous waterproofer container before Plaintiff spilled its contents on himself.

"[C]onstructive knowledge or notice of a defective condition of a premise . . . may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim*, 246 Va. at 242, 434 S.E.2d at 890 (citing *Colonial Stores Inc.*, 203 Va. at 537, 125 S.E.2d at 190). Though the amount of time considered "sufficient" may vary case to case, "if the evidence fails to show *when* a defect

---

[7] During Plaintiff's deposition, counsel for Defendant asked Plaintiff the following: "Do you have any evidence that anyone from Lowe's knew it was cracked?" Plaintiff responded "[a]ll I know is that they put it in the bins. And that's it." (Sutherlin Dep. 105:18-20.) Defendant's counsel then asked Plaintiff whether anyone from Lowe's told him that they knew that the container was cracked, and Plaintiff responded "[w]e didn't talk about it." (Sutherlin Dep. 105:21-23.)

10

occurred on the premises, the plaintiff has not made out a *prima facie* case." *Id.* at 242, 434 S.E.2d at 890 (citing *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 184, 396 S.E.2d 649, 651 (1990)).

In a case decided under Virginia law involving a retail patron who was injured when mirrors fell from a display onto her, the Fourth Circuit affirmed the trial court's grant of summary judgment for the retailer on the grounds that the plaintiff "ha[d] insufficient evidence of when, that afternoon, the specific unsafe condition [the court] assume[s] produced her injury developed." *Hodge*, 360 F.3d at 454. The court went on to say that "it is as logical to assume that an unsafe condition with the mirrors arose in the moments before [plaintiff] entered the display area as it is to assume that it had been there long enough that [defendant] should have known about it." *Id.*

Similarly, Plaintiff fails to present any evidence whatsoever to show that Defendant was aware of the waterproofer container's condition or the alleged danger that it posed. In fact, Plaintiff does not even attempt to argue that Defendant had the requisite notice or knowledge. During his deposition, Plaintiff testified that he did not see anything wrong or defective about the can when he first approached it. (Sutherlin Dep. 101:9-12, 102:5-7.) He stated that "[t]he lid looked like it was on it" and that he saw that the metal lid's plastic insert "was in there." (Sutherlin Dep. 101:23-102:4.) Even once Plaintiff tipped the can forward and leaned it against his body so that he could more closely examine the back label, he still did not see anything wrong with it. (Sutherlin Dep. 102:9-13.) Plaintiff admitted that even as the spill was occurring, he "couldn't see" the "hole somewhere in the top" of the container and did not notice that its contents were leaking until someone else told him. (Sutherlin Dep. 102:14-15, 103:5-9.) Plaintiff offered no evidence of when the allegedly dangerous condition developed or how long it

existed before his spill. Indeed, he affirmatively disavowed any knowledge of how or when the container became damaged, how long ago the damage occurred or who was responsible for causing it. (Sutherlin Dep. 105:4-12.) In light of Plaintiff's testimony that he could not discern the alleged defect while handling the container and carefully scrutinizing its exterior, as well as his failure to present any indication of when the dangerous condition arose, there is no basis for finding that Defendant had constructive knowledge of the allegedly dangerous condition. *See Grim*, 246 Va. at 242, 434 S.E.2d at 890 (noting that Plaintiff must adduce evidence showing that "the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition").

Here, Plaintiff offers no evidentiary basis from which to conclude when the alleged dangerous condition arose and, therefore, cannot establish that the condition existed long enough for a jury to conclude that Defendant was aware of it. *Hodge*, 360 F.3d at 454. Thus, Plaintiff has not made out a *prima facie* case of negligence. *See, e.g., Grim*, 246 Va. at 242-43, 434 S.E.2d at 890 (quoting *Winn-Dixie Stores*, 240 Va. at 184, 396 S.E.2d at 651) ("Hence, if the evidence fails to show *when* a defect occurred on the premises, the plaintiff has not made out a *prima facie* case."). Accordingly, Defendant prevails on this count. *See Celotex Corp.*, 477 U.S. at 322 (mandating the entry of summary judgment against a party that, "after adequate time for discovery and upon motion, . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

B. Plaintiff Fails to Establish a *Prima Facie* Case for Negligence in Count II.

In Count II, Plaintiff asserts a theory of "general negligence in product liability," alleging that Defendant breached its "general duty to ensure that the [waterproofer] was reasonably safe

for the foreseeable use by customers" by allowing the "toxic material to escape and injure [Plaintiff]." (Pl.'s Resp. at 3-4.) Defendant argues that Plaintiff's general negligence theory of products liability is not a cognizable cause of action under Virginia law and that Plaintiff fails to otherwise establish a *prima facie* case for a recognized products liability claim sounding in negligence. (Def.'s Mem. at 6-9; Def.'s Reply at 4-5.)

> 1. Virginia Law Does Not Recognize a Products Liability Cause of Action for "General Negligence."

"A manufacturer does not insure its product's safety, and need not supply an accident-proof product." *Ball v. Takeda Pharm. Am., Inc.*, 963 F. Supp. 2d 497, 505 (E.D. Va. 2013) (citing *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 133, 413 S.E.2d 630, 634 (1992)) (quoting *Besser Co. v. Hansen*, 243 Va. 267, 276, 415 S.E.2d 138, 144 (1992)) (internal quotation marks omitted). "Under Virginia law, recovery for product related injuries . . . turns on whether the product, as designed, manufactured, and labeled, is unreasonably dangerous for its reasonably foreseeable uses." Gary J. Spahn, *et al.*, *Virginia Practice Products Liability* § 6:1 (2014). To prevail, a plaintiff suing a product's manufacturer for negligence "must show (1) that the [product was] unreasonably dangerous either for the use to which [it] would ordinarily be put or for some other reasonably foreseeable purpose, and (2) that the unreasonably dangerous condition existed when the goods left the manufacturer's hands." *Jeld-Wen, Inc. v. Gamble*, 256 Va. 144, 148, 501 S.E.2d 393, 396 (1998) (quoting *Morgen Indus., Inc. v. Vaughan*, 252 Va. 60, 65, 471 S.E.2d 489, 492 (1996)). Virginia law recognizes three negligence-based causes of action that may give rise to liability on the part of manufacturers and sellers of defective products: (1) negligent design, (2) negligent manufacture and (3) negligent failure to warn. *See Ball*, 963 F. Supp. 2d at 506 (quoting *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 215 (E.D. Va. 2008)) ("The Virginia Supreme Court has stated that a product may be unreasonably

dangerous in three ways, if it is defective in assembly or manufacture, unreasonably dangerous in design, or unaccompanied by adequate warnings concerning its hazardous properties." (internal quotation marks omitted)). "By implication, any other type of product-liability claim cannot succeed." *Id.* (quoting *Sykes*, 548 F. Supp. 2d. at 215) (internal quotation marks omitted).

In its motion for summary judgment, Defendant asserts that Plaintiff's general negligence products claim is best understood as a negligent design claim. (Def.'s Mem. at 6 ("[T]he essential premise of his claim is that the waterproofer's packaging was defective, which best fits under a negligent design theory of recovery.").) Plaintiff responds that he "is not contending that the waterproofer itself was defective, nor that its container was negligently designed. Plaintiff is contending that Defendant allowed this toxic material to escape and injure him." (Pl.'s Resp. at 3.) Defendant seizes on Plaintiff's position to argue that Plaintiff has not made out any type of products liability claim. (Def.'s Reply at 4-5.) Instead, Defendant contends, Plaintiff has merely attempted to restyle his premises liability claim into one for products liability. (Def.'s Reply at 4-5.)

"Analysis properly begins with the Supreme Court of Virginia's clearly-expressed view that products liability actions may take one of three forms." *Torkie-Tork v. Wyeth*, 757 F. Supp. 2d 567, 571 (E.D. Va. 2010) (discussing the Supreme Court of Virginia's description of negligence-based products liability claims in *Morgen Industries*). Numerous courts have rejected attempts to expand the universe of cognizable negligence claims in products liability beyond those for design, manufacture and failure to warn. *See, e.g., Ball*, 963 F. Supp. 2d at 506 (dismissing "failure to test" claim); *Torkie-Tork*, 757 F. Supp. 2d at 571 (finding manufacturer did not have duty to perform additional testing of product); *Sykes*, 548 F. Supp. 2d at 215 (dismissing "failure to test" claim). The Court finds no basis for departing from this well-

established practice to recognize Plaintiff's self-styled "theory of general negligence in products liability." To survive summary judgment on this count, therefore, the Court must determine whether Plaintiff has adduced sufficient evidence to establish a *prima facie* case for one of the three recognized negligence claims in products liability. Because Plaintiff stated emphatically that he was not contending that the waterproofer container was negligently designed, the Court need not consider whether he has established a negligent design claim. (Pl.'s Resp. at 3.) Nor must the Court consider whether Plaintiff has established a claim for negligent failure to warn in Count II, because he separately alleges that claim in Count III. (Am. Compl. ¶¶ 24-29.) Therefore, by process of elimination, the sole remaining possibility is that of negligent manufacture. Although Plaintiff bears the burden of establishing his claim, the Court will nonetheless consider whether Plaintiff has presented evidence of negligent manufacture sufficient to withstand Defendant's motion for summary judgment on this count.

    2. Plaintiff Fails to Establish a *Prima Facie* Case for Negligent Manufacture.

Plaintiff fails to produce sufficient evidence to support a claim for negligent manufacture. As noted previously, to prevail on a negligence claim for products liability, Plaintiff must show that the weatherproofer was unreasonably dangerous for the use to which it would ordinarily be put or for some other reasonably foreseeable purpose and that the unreasonably dangerous condition existed when the waterproofer left the seller's hands. *Logan v. Montgomery Ward & Co.*, 216 Va. 425, 428, 219 S.E.2d 685, 687 (1975). "[I]n determining what constitutes an unreasonably dangerous defect, a court will consider safety standards promulgated by the government or the relevant industry, as well as the reasonable expectations of consumers." *Gibson v. Wal-Mart Stores, Inc.*, 189 F. Supp. 2d 443, 447 (W.D. Va. 2002) (quoting

*Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993)) (internal quotation marks omitted).

Plaintiff offers no evidence of safety standards or reasonable consumer expectations to establish that the waterproofer container was unreasonably dangerous. Plaintiff asserts that the label on the waterproofer proves that it "is an inherently hazardous and toxic substance," but Plaintiff disavowed any argument that the waterproofer itself was defective. (Pl.'s Resp. at 3.) Thus, a warning label regarding the container's contents does not support Plaintiff's claim that the container itself was unreasonably dangerous. Further, Plaintiff does not allege that the weatherproofer container fell below reasonable consumer expectations, but to the extent that Plaintiff's own testimony indicates that he believed the weatherproofer container was defective, "more is required than a plaintiff's personal opinion of a product that allegedly injured h[im]." *Gibson*, 189 F. Supp. 2d at 447.

Even assuming, *arguendo*, that Plaintiff could satisfy the first requirement, Plaintiff fails to show any evidence establishing the second requirement. In a similar case, another court granted summary judgment where the plaintiff "d[id] not know how long the container of lighter fluid was on the shelf prior to her incident, nor d[id] she know how the container came to be in the state in which she discovered it." *Gibson*, 189 F. Supp. 2d at 448. The *Gibson* court explained that "[t]he law of Virginia does not allow recovery when the plaintiff's theory is conjectural." *Id.* (citing *Logan*, 216 Va. at 428, 219 S.E.2d at 687). To prevail in Virginia, the court continued, "the plaintiff must affirmatively prove her case, if only by excluding all other explanations." *Id.*

Critically, Plaintiff fails to prove that his exposure to the waterproofer was due to an unreasonably dangerous condition that existed when the waterproofer container left Defendant's

hands. *Jeld-Wen, Inc.*, 256 Va. at 148, 501 S.E.2d at 396. Plaintiff testified that he does not know how the waterproofer container became damaged, who was responsible for causing the damage or how long the waterproofer container had been damaged. (Sutherlin Dep. 105:4-12.) In this case, Plaintiff fails to carry his burden of establishing that the waterproofer container was an unreasonably dangerous product and that the unreasonably dangerous condition existed when the waterproofer container left Defendant's hands. Because Plaintiff failed to establish a *prima facie* claim for products liability under negligent manufacture or any other recognized negligence theory, the Court grants summary judgment with regard to Count II.

### C. Plaintiff's Failure to Warn Products Liability Claim (Count III) Fails, Because Plaintiff Fails to Establish That Defendant Owed Him a Duty.

Plaintiff argues that Defendant was not required to have knowledge of a dangerous use of the waterproofer, because of its inherent dangerousness and that Defendant's safety and HAZMAT procedures establish that Defendant was aware of the risk of a hazardous spill. (Pl.'s Resp. at 4.) Defendant counters that knowledge is an essential element of a products liability claim for failure to warn regardless of the particular product defect alleged and that Plaintiff has failed to produce any evidence showing that Defendant had the requisite knowledge. (Def.'s Reply at 6-7.)

To prevail on his failure to warn claim, Plaintiff must establish that Defendant: (1) knew or had reason to know that the waterproofer was or was likely to be dangerous for its intended use, (2) had no reason to believe that those for whose use the waterproofer was supplied would realize its dangerous condition, and (3) failed to exercise reasonable care to inform them of its dangerous condition or of the facts which made it likely to be dangerous. *Featherall v. Firestone Tire & Rubber Co.*, 219 Va. 949, 961, 252 S.E.2d 358, 366 (1979) (citing *Restatement (Second) of Torts* § 388 (1965)). These elements are well-established and Plaintiff offers no authority in

support of his argument that he is not required to prove knowledge in light of the waterproofer's alleged "inherent dangerousness." *See Torkie-Tork*, 757 F. Supp. 2d at 572 (citing *Owens-Corning Fiberglas Corp.*, 243 Va. at 134-36, 413 S.E.2d at 634-35) (discussing "unmistakably clear" rule that "the appropriate standard in Virginia is whether a manufacturer has a reason to know, not whether the manufacturer should know" of a product's dangerous properties); (Pl.'s Resp. at 4). The "ha[d] reason to know" standard imposed in products liability claims is narrower than the "should have known" standard imposed in premises liability claims. *Torkie-Tork*, 757 F. Supp. 2d at 572. Therefore, Plaintiff must establish a greater degree of knowledge to prevail on a failure to warn claim in products liability than the constructive knowledge required in premises liability. To prove that Defendant "had reason to know" of the alleged dangerous condition, Plaintiff must produce evidence showing that Defendant "would either infer the existence of the fact in question [(the container's alleged dangerousness)] or would regard its existence as so highly probable that [Defendant's] conduct would be predicated upon the assumption that the fact did exist." *Owens-Corning Fiberglas Corp.*, 243 Va. at 136, 413 S.E.2d at 635 (quoting *Restatement (Second) of Torts* § 12 cmt. a.).

Contrary to his contention that Defendant's HAZMAT procedures show that it was aware of the risk of a hazardous spill, Plaintiff has failed to produce any evidence indicating that Defendant had reason to know of the allegedly dangerous condition of the waterproofer container. Plaintiff himself testified that he had "no idea" when, why or how the alleged defects in the container developed. (Sutherlin Dep. 105:4-12.) He acknowledged that even when he leaned the container against his body so that he could more closely inspect it, he could not see the alleged hole in its lid. (Sutherlin Dep. 102:14-25.) Defendant's employees further testified that they were unaware of a similar spill in the past. (Def.'s Mem. at 2.) The sole evidence that

Plaintiff points to in support of his claim is that Defendant had HAZMAT safety procedures that its employees were supposed to follow in the event of a spill of a hazardous product. (Pl.'s Resp. at 4-5.) This fact lends no credence to Plaintiff's claim, because it is not at all particularized to the product in question. That Defendant knows that some of the thousands of products it carries in its stores are potentially hazardous in no way indicates that it had reason to know of the alleged defects in the container of this specific product. Because Plaintiff offers no evidence that Defendant had reason to know that the allegedly defective waterproofer container at issue in this case existed or posed a risk of spillage, the Court must grant summary judgment on this count as well. *See Celotex Corp.*, 477 U.S. at 322 (mandating the entry of summary judgment against a party that, "after adequate time for discovery and upon motion, . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

## V. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff failed to establish knowledge as required to prevail on his premises liability claim, did not make out a cognizable claim for products liability in Count II and failed to establish knowledge as required to prevail on his failure to warn products liability claim. Accordingly, all three of Plaintiff's negligence

claims fail. Therefore, the Court GRANTS Defendant's Motion for Summary Judgment (ECF No. 40).

Let the Clerk file this Order electronically and notify all counsel accordingly.

It is so ORDERED.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Dated: December 23, 2014